IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| CANDACE BUSTOS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| QUALITY RESTAURANT | ) |
| CONCEPTS, LLC, dba | ) |
| APPLEBEE'S, et al. | ) |
| | )  CASE NO. 6:14-cv00013-DCR |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO STAY
PENDING THE RESOLUTION OF PLAINTFFS' MOTION TO REMAND**

COME NOW, Plaintiffs, by Counsel, and move the Court to stay all further proceedings in this case pending a determination by this Court regarding federal jurisdictions. In the alternative, Plaintiffs request an extension of time to respond to motions pending, other than the motion to remand. Reasons for this motion are as follows:

Plaintiffs filed this case in the Whitley Circuit Court on or about December 26, 2013. Plaintiffs alleged they were not paid the "prevailing wage," pursuant to the provisions of KRS Chapter 337. Plaintiffs also, in the alternative, sought to compel arbitration in relation to tip pool sharing arrangements in violation of Kentucky Wage and Hour laws. No federal cause of action was alleged. These lawsuits were based on the Kentucky Labor Cabinet's conclusions, after an investigation, that Defendant Quality Restaurant Concepts, LLC ("QRC") had been violating the prevailing wage provisions; yet, QRC consistently has refused to do anything to reimburse their employees for these violations. Plaintiffs demanded arbitration regarding these issues. QRC

1

ignored those demands. Plaintiffs then filed their Complaint in Whitley Circuit Court, asking in the alternative for arbitration or for a resolution of these issues before the Whitley Circuit Court. QRC's lawyers continued to ignore Plaintiffs and Plaintiffs' Counsel, responding by removing this case to this Court on January 21, 2014. On January 24, 2014, Plaintiffs filed their motion to remand this action back to Whitley Circuit Court, based on the lack of complete diversity because QRC's manager, Defendant Nathan Bunger, is a Kentucky resident and several Plaintiffs also reside in Kentucky. Now, even before this Court rules on jurisdiction, QRC moves this Court to rule on substantive issues regarding arbitration, apparently asking this Court to assume jurisdiction before a proper determination of such is made.

It is well-settled that a court cannot proceed without jurisdiction. *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Plaintiffs respectfully suggest for that reason that the proper course would be to address jurisdiction before other matters presently pending, filed by any party. "If the Court determines that it lacks jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the case.'" *Muriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F.Supp.2d 590, 595 (E.D. KY May 20, 2011) (*quoting Steel Co*, 523 U.S. at 94.). It would be a waste of judicial time and efficiency, as well as that of the parties, if this Court were to engage in any other issues before jurisdiction is resolved.

**WHEREFORE**, for the reasons expressed above, as well as those expressed in <u>Plaintiffs' Brief in Support of Motion to Remand</u>, Plaintiffs respectfully request that this Court grant this motion to stay all proceedings pending a determination of jurisdiction by this Honorable Court.

Respectfully submitted,

*/s/Gregory J. Bubalo*
Gregory J. Bubalo
Bubalo Goode Sales & Bliss PLC
9300 Shelbyville Rd., Suite 215
Louisville, KY 40222
Phone: (502) 753-1600

And

John R. Shelton
Shelton Law Group
9300 Shelbyville Road, Suite 215
Louisville, Kentucky 40222
Ph: (502) 409-6460
Fax: (502) 409-6462
rshelton@robsheltonlaw.com

*Counsel for the Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Gregory J. Bubalo*
*Counsel for Plaintiff*