UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CANDACE BUSTOS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 14-13-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| QUALITY RESTAURANT CONCEPTS, | ) | **MEMORANDUM OPINION** |
| LLC, d/b/a APPLEBEE'S, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the plaintiffs' motion to remand this action to Whitley County Circuit Court. [Record No. 3] The plaintiffs contend that they have a viable claim against Defendant Nathan Bunger, a non-diverse party. However, the defendants argue that Bunger was fraudulently joined to defeat diversity jurisdiction. For the reasons set forth below, under state law, it is unsettled whether Bunger meets the definition of an employer. Therefore, the Court will grant the plaintiffs' motion and remand this action to the Whitley Circuit Court for further proceedings.

**I.**

At times relevant to this action, the plaintiffs were employed as servers at Applebee's Neighborhood Bar & Grill ("Restaurant") in Corbin, Kentucky. All of the plaintiffs are citizens of Kentucky. Defendant Quality Restaurant Concepts, LLC, ("QRC") owns and operates the Restaurant. QRC is a limited liability company, incorporated under the laws of Alabama and

-1-

having its principal place of business in that state. Defendant Bunger was the general manager of the Restaurant. He is also a citizen of Kentucky.

The plaintiffs originally filed this action in Whitley Circuit Court. The Complaint alleges that they were not paid a "prevailing wage" because they were required to redistribute their tips to non-tipped employees in violation of KRS § 337.065. The defendants removed the case to this Court under 28 U.S.C. § 1446, alleging that Defendant Bunger was fraudulently joined for the purpose of defeating diversity jurisdiction. The plaintiffs moved to remand the case to state court, arguing that their claims are premised solely on Kentucky law and that there is not complete diversity between the parties.

The plaintiffs assert that Bunger was properly joined as a defendant because, in his position as general manager of the Restaurant, he meets the statutory definition of employer under KRS § 337.010(1)(d). The plaintiffs further claim that Bunger had control, direction, and oversight over the Restaurant including its employment and labor practices. Thus, they contend that Bunger is potentially liable for the alleged violations of KRS § 337.065. Conversely, the defendants maintain that there can be no viable claim against Bunger because he does not meet the statutory definition of employer. And they argue that, because there is no conceivable cause of action against an individual under KRS § 337.065, Bunger was fraudulently joined and removal to this Court is proper.

## II.

Title 28 of the United States Code, Section 1332, provides that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between citizens of different states. A case filed in state court is removable only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."). The removing party bears the burden of establishing diversity jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). When removal is based on diversity jurisdiction, the burden is satisfied by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)

When addressing a motion to remand, a court must determine if federal jurisdiction existed at the time the removing party filed the notice of removal. *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000)). And any doubts concerning jurisdiction should be interpreted in favor of remand, because federal courts possess limited jurisdiction and removal raises serious federalism issues. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). In fact, the Sixth Circuit has held that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). If a non-removing party joins a party against whom there is no "colorable cause of action," the joinder is considered fraudulent. *Casias v.*

*Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)).

The test for evaluating a motion to remand is similar to, but more lenient than, the test for a Rule 12(b)(6) motion to dismiss. *Casias*, 695 F.3d at 433. The Sixth Circuit has interpreted this issue as "whether there was any 'reasonable basis for predicting that [the plaintiff] could prevail.'" *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)). This has been described as a "heavy burden" because a plaintiff can defeat a fraudulent joinder argument by establishing that he has a "glimmer of hope" of prevailing with respect to the claim asserted against the non-diverse defendant. *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citations omitted). Additionally, "'[a]ny disputed questions and fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party.'" *Alexander*, 13 F.3d at 949 (quoting *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

## III.

The plaintiffs' claim against Bunger is premised on alleged violations of KRS § 337.065. The statute prohibits employers from requiring employees to remit gratuity to the employer or require an employee to participate in a tip-pool arrangement. The statute defines an employer as:

> any person, either individual, corporation, partnership, agency, or firm who employs an employee and includes any person, either individual, corporation, partnership, agency, or firm acting directly or indirectly in the interest of an employer in relation to an employee

KRS § 337.010(1)(d). Thus, to violate KRS § 337.065, Bunger must fit with this statutory definition. The plaintiffs claim that Bunger meets this definition because he had control, oversight, and direction over the Restaurant and their employment.

As outlined above, to establish fraudulent joinder, the defendants must meet the heavy burden of showing that the plaintiffs' claim does not have a "glimmer of hope" that Bunger could qualify as an employer under state law. *Alexander*, 13 F.3d at 949. In their Notice of Removal, the defendants cite *Ivey v. McCreary Cnty. Fiscal Court*, 939 F. Supp. 2d 762, 764 (E.D. Ky. 2013), arguing that the Court recognized that there can be no cause of action against an employer in his individual capacity under KRS Chapter 337. [Record No. 1, p. 5] However, that case is not controlling.

The claims in *Ivey* were asserted against a public official employed by the McCreary Country government, implicating issues of immunity. *Ivey*, 939 F. Supp. 2d at 764. Here, the defendant is a private party; thus, the plaintiffs' claims do not implicate the doctrine of qualified immunity. Further, the court in *Ivey* did not address the issue of individual liability under KRS § 337. Instead, the parties agreed to dismiss those claims because they did not intend to assert them against the public official in his individual capacity. *Id*., at 770. The plaintiffs in the present case, however, obviously intend to assert claims under KRS § 337 against Defendant Bunger and he is not a public official. Therefore, *Ivey* does not establish that the plaintiffs have no colorable claims against Bunger. Likewise, it does not resolve any ambiguity under state law concerning potential individual liability under KRS § 337.065.

The defendants argue that the Kentucky Court of Appeals has held that there is no individual liability under KRS Chapter 337. [Record No. 4, pp. 1-2 (citing *Simpson v. Lexington-Fayette Urban County Gov't*, 2003 No. Ky. App. Unpub. LEXIS 701, at *32-33 (Ky. Ct. App. Sept. 26, 2003)] The court in *Simpson* was examining whether sovereign immunity would prohibit claims against government officials under KRS § 337.420 and the Kentucky Civil Rights Act ("KCRA") in KRS Chapter 344. *Simpson*, 2003 Ky. App. Unpub. LEXIS 701, at *30-33. The *Simpson* court found that sovereign immunity would bar claims under KRS § 337.420. As a result, the court did not allow private causes of action against government officials in their individual capacities to proceed. *Id*., at *32-33. Again, however, Defendant Bunger is not a government official being sued in his individual capacity.

The claims in *Simpson* also involved a different provision in Chapter 337. KRS § 337.420 provided the definition of an employer for the claims in *Simpson*, while KRS § 337.010 defines an employer for the claims asserted here. Additionally, in stating that Chapter 337 does not create a private cause of action against individuals, the court in *Simpson* did not analyze or provide authority for its conclusion. Likewise, no court has subsequently relied on its holding to reach a similar result. *Id*., at *32-33. In fact, several years later, the United States District Court for the Western District of Kentucky determined that it was still unclear whether individuals could be liable under the definition of employer in KRS § 337.010. *Himmelheber v. ev3, Inc.*, No. 2008 U.S. Dist. LEXIS 10004, at * 11 n.7 (W.D. Ky. Feb. 7, 2008). Moreover, the *Simpson* court found that the plaintiff had failed to assert a *prima facie* case of wage

discrimination, rendering its finding concerning individual liability secondary to its conclusion. *Simpson*, 2003 Ky. App. Unpub. LEXIS 701, at *33.

In summary, the relevant parts of *Simpson* and *Ivey* do not clearly hold that there is no colorable cause of action against an individual such as Bunger. Because the question of private individual liability under KRS Chapter 337 is unclear, this Court cannot conclude that there is no reasonable basis for the plaintiffs' claim against Bunger.

The defendants next assert that, because individuals may not be held liable under the KCRA, there is no colorable cause of action against Bunger under KRS § 337.065. [Record No. 4, pp. 3-5] However, the definition of employer in the KCRA is different than the definition contained in KRS § 337.010. Under the KCRA,

> "Employer" means a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year and an agent of such a person, except for purposes of determining discrimination based on disability, employer means a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and any agent of that person, except that, for two (2) years following July 14, 1992, an employer means a person engaged in an industry affecting commerce who has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year, and any agent of that person. For the purposes of determining discrimination based on disability, employer shall not include:
>
> (a) The United States, a corporation wholly owned by the government of the United States, or an Indian tribe; or
>
> (b) A bona fide private membership club (other than a labor organization) that is exempt from taxation under Section 501(c) of the Internal Revenue Service Code of 19861.

KRS § 344.030(2).

Conversely, KRS § 337.010 defines an employer as:

> any person, either individual, corporation, partnership, agency, or firm who employs an employee and includes any person, either individual, corporation, partnership, agency, or firm acting directly or indirectly in the interest of an employer in relation to an employee

KRS § 337.010(1)(d).

Given the heavy burden of proving fraudulent joinder, the minimal similarity of the statutes is insufficient to establish that individual liability is completely foreclosed for claims asserted under KRS § 337.065. Further, individual liability is generally prohibited under the KCRA because its definition of employer "mirrors" Title VII of the Civil Rights Act of 1964 (and individuals have been found not to qualify as employers under that definition). *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). There is no such "mirroring" in KRS § 337.010.[1]

The purposes of KRS Chapter 337 and KRS Chapter 344 are also quite different. While Chapter 344 is intended to protect individuals from discrimination, Chapter 337 is intended to protect employees from being exploited by employers by establishing minimum standards for payment. *See* KRS § 344.020; *Smith v. Hous. Auth. of Middlesborough*, No. 2002-CA-000738-MR, 2003 WL 22416761, at *3 (Ky. Ct. App. Oct. 24, 2003). The definition of employer in KRS § 337.010 is not so similar to the KCRA's definition that it completely

---

[1] Moreover, individual liability has been found under the KCRA for retaliation claims. *Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). In *Morris*, the Sixth Circuit found that because KRS § 344.280 does not mirror Title VII and the statute allows liability to attach to a "person," an individual may be held liable for retaliation under that statute. *Id.* Thus, *Morris* actually supports the contention that different definitions of employer may permit claims brought against individuals, even under the KCRA.

forecloses any possibility that the plaintiffs may have a reasonable basis to prevail on their claims.

The defendants also argue that under the Fair Labor Standards Act ("FLSA"), Bunger would not qualify as an employer under the "economic reality test," because he does not have an ownership interest or significant operational control over QRC. [Record No. 4, pp. 5-6 (citing *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995)] The plaintiffs disagree. They contend that Bunger would qualify as an employer under the FLSA because he possessed a sufficient degree of control over the terms of employment and had substantial control over the part of the employment that was allegedly violated. [Record No. 3-1, p. 7 (citing *Johnson v. A.P. Products, Ltd.*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996)]

Kentucky courts have not utilized the FLSA standard for determining who qualifies as an employer under Chapter 337. State courts may utilize the FLSA definition and economic reality test to determine if there is individual liability, or they may not. In either event, that is a determination is to be made by the state courts. Further, while the definition of an employer contained in the FLSA and KRS § 337.010(1)(d) are similar, the FLSA definition is not required by the standard set out in KRS § 446.080(1).

Kentucky law provides that "[a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state." KRS § 446.080(1). "The purpose of Chapter 337 is to establish minimum standards for payment for work to protect an employee from being exploited by an employer,

regardless of whether the employee has employment termination rights." *Smith*, 2003 WL 22416761, at *3. Further, "[a]ll words and phrases shall be construed according to the common and approved usage of language." KRS § 446.080(4). As the statute states, an employer can include a person acting directly or indirectly in the interest of an employer in relation to an employee. KRS § 337.010(1)(d). Using common statutory language defining employers in KRS § 337.010, this Court cannot conclude that private individuals acting in their employer's interest may avoid liability under KRS § 337.065.

Here, the plaintiffs allege that Bunger "maintained control, oversight and direction over QRC's facilities at [the Restaurant] including employment and/or labor practices at that facility." [Record No. 1-1, p. 4] Whether Bunger is actually liable for the alleged violation is a matter for later litigation. However, when addressing fraudulent joinder, a court must only determine whether the plaintiff has asserted a *colorable* cause of action against the non-diverse defendant. *Saginaw Hous. Comm'n*, 576 F.3d at 624. The language of the statute suggests the possibility of individual liability and, therefore, supports remand.

In conclusion, the Court feels compelled to note that a claim of fraudulent joinder is an exceedingly poor setting in which to make novel arguments of state law. *Murriel-Don Coal*, 790 F. Supp. 2d at 599. In fact, when novel issues of state law are the basis for a claim of fraudulent joinder, federal courts often find that the state court is the proper venue to address those arguments. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999); *see also Glass Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO v. Wickes Companies, Inc.*, 707 F. Supp. 174, 182 (D.N.J. 1989); *Pulse One Commc'ns, Inc. v. Bell Atl. Mobile Sys., Inc.*,

760 F. Supp. 82, 84 (D. Md. 1991); *Phillips v. Howmedica Osteonics Corp.*, No. CIV. 07-833-GPM, 2007 WL 4441228, at *9 (S.D. Ill. Dec. 17, 2007). As outlined above, the definition of an "employer" under KRS § 337.065 has not been addressed by Kentucky courts. And whether it includes individuals such as Bunger is, at best, uncertain. That ambiguity favors remand. *Alexander*, 13 F.3d at 949

**IV.**

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The plaintiffs' motion to remand to state court [Record No. 3] is **GRANTED**.

2. This case is **REMANDED** to the Whitley Circuit Court.

3. Defendants Nathan Bunger and Quality Restaurant Concepts, LLC's motion to dismiss [Record No. 5] is **DENIED**, as moot.

4. This action is **DISMISSED** and **STRICKEN** from the docket.

This 23rd day of June, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge